UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| WILLIAM DANIELS and <br> JUDY DANIELS, <br> <br>     Plaintiffs, <br> <br>     v. <br> <br> THE CITY OF FORT WAYNE PLAN <br> COMMISSION, whose MEMBERS are <br> CONNIE HAAS ZUBER, <br> DON SCHMIDT, TOM FREISTROFFER, <br> PAUL SAUERTEIG, JUSTIN <br> SHURLEY, MIKE BYNUM, SHAN <br> GUNAWARDENA, BILLY <br> DAVENPORT, and JUDI WIRE, and <br> LST, LLC, <br> <br>     Defendants. | CAUSE NO.: 1:17-CV-166-TLS |

**OPINION AND ORDER**

This matter comes before the Court on a Motion to Alter or Amend Judgment [ECF No. 35] filed by Defendant LST, LLC (LST) on November 15, 2017.[1] Plaintiffs William and Judy Daniels have not responded as of the date of this Opinion and Order.

**FACTUAL BACKGROUND**

The factual background is provided through the pleadings, relevant motions, and attached exhibits. The Plaintiffs own a residential property within a subdivision known as Broadmoor

---

[1] The Motion to Alter or Amendment Judgment [ECF No. 35] incorporates the arguments presented in LST's Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [ECF No. 29] and its accompanying memorandum in support [ECF No. 30]. Defendant Fort Wayne Plan Commission filed a Notice of Joinder [ECF No. 32] joining, adopting, and incorporating LST's Motion to Dismiss and accompanying memorandum. The Court, therefore, considers these three filings in conjunction with the Motion to Alter or Amend Judgment.

Addition located at 1735 Broadmoor Avenue in Fort Wayne, Indiana. (Compl. ¶ 1, ECF No. 1.) There are approximately seventy-nine lots in Broadmoor Addition, and all are subject to certain restrictive covenants. (*Id.*) The Plaintiffs own lot number 58. (*Id.* at ¶ 7.)

Defendant Fort Wayne Plan Commission (FWPC) is an advisory plan commission under the Indiana Advisory Planning Law. (Answer ¶ 3, ECF No. 14.) Defendant LST owns lots 3, 4, and 5 in Broadmoor Addition, and petitioned the FWPC to vacate the restrictive covenants contained on the three lots in February 2017. (*Id.* at ¶¶ 11, 12.) The Plaintiffs allege that LST also requested that FWPC approve a development plan for a shopping center on lots 3, 4, and 5 within Broadmoor Addition, which FWPC denies. (Compl. ¶ 13; Answer ¶ 13.) FWPC scheduled a public hearing on LST's requests for March 13, 2017. (Answer ¶ 14.)

According to the Plaintiffs, numerous residents of Broadmoor Addition objected to these requests at the March 13, 2017, public hearing. (Compl. ¶ 15.) Counsel for the Plaintiffs warned FWPC that vacating the restrictive covenants on lots 3, 4, and 5 would (1) constitute an unconstitutional taking of private property for a private use, and (2) was also a taking without just compensation. (*Id.*) On March 20, 2017, the FWPC made a final zoning decision and entered findings of fact approving a vacation of the platted lots and of the covenants on the lots. (Answer ¶ 16.)

On April 18, 2017, the Plaintiffs filed a lawsuit against LST and FWPC in this Court [ECF No. 1] (Federal Action). In the Federal Action, the Plaintiffs alleged that the Defendants violated their federal constitutional rights and sought declaratory and injunctive relief relating to the FWPC's decision to vacate the restrictive covenants on lots 3, 4, and 5 in Broadmoor Addition. (Compl. at 6.) The Plaintiffs also filed a parallel action that same day in the Allen Circuit Court (State Court Action). (ECF No. 18, Ex. A.) In the State Court Action, the Plaintiffs

challenged the legality of the zoning decision made by FWPC and, in the alternative, sought compensation through the Indiana eminent domain statute. (*Id.*) The State Court Action did not include a federal claim. (*See id.*)

On November 3, 2017, this Court issued an Opinion and Order [ECF No. 33] (Original Opinion and Order) and dismissed the Federal Action without prejudice under the ripeness doctrine articulated in *Williamson County Regional Planning Commission v. Hamilton Bank of Johnson City*, 473 U.S. 172 (1985). While the Opinion was docketed and waiting to issue, LST filed a Motion to Withdraw its Motion to Dismiss for Lack of Subject Matter Jurisdiction and File Motion to Dismiss for Failure to State a Claim Upon Which Relief Can Be Granted [ECF No. 28]. LST also filed a Motion to Dismiss for Failure to State a Claim [ECF No. 29] and an accompanying memorandum [ECF No. 30]. On that same day, and again before the Court issued its Original Opinion and Order, the FWPC filed a Motion to Withdraw [ECF No. 31] its earlier Motion for Judgment on the Pleadings, and filed a Notice of Joinder [ECF No. 32] joining, adopting, and incorporating LST's Motion to Dismiss and accompanying memorandum.

The Defendants asserted the following facts in the filings and attached exhibits. On September 21, 2017, the Allen Circuit Court entered its Findings of Fact, Conclusions of Law, and Order in the State Court Action. (ECF No. 28, Ex. 1.) The Allen Circuit Court dismissed the Plaintiffs' State Court Action with prejudice. (*Id.*) The Plaintiffs did not file a Notice of Appeal in the Allen Circuit Court within the permitted time period, see Ind. App. Rule 9, which conclusively terminated the State Court Action.

After the Court issued its Original Opinion and Order on the same day the Defendants sought to withdraw its prior motions and present new ones, LST filed a Motion to Amend/Correct Clerk's Judgment [ECF No. 35]. This Motion reiterated the arguments in LST's

Motion to Dismiss for Failure to State a Claim, asked the Court to give preclusive effect to the findings and judgment by the Allen Circuit Court which were previously not available to the Court, and dismiss the Federal Action with prejudice.

## STANDARD OF REVIEW

A party may, by motion, request a district court to alter or amend a judgment within 28 days after the entry of judgment. Fed. R. Civ. P. 59(e). The district court may alter or amend the judgment if the movant presents newly discovered evidence or points to evidence in the record that clearly establishes a manifest error of law or fact. *Cincinnati Life Ins. Co. v. Beyrer*, 722 F.3d 939, 954 (7th Cir. 2013). The decision to amend or alter judgment is within the sound discretion of the district court. *See id.*

## ANALYSIS

The Defendants' argument is straightforward: the Allen Circuit Court dismissed the Plaintiffs' State Court Action with prejudice, the Plaintiffs did not appeal the adverse judgment, and the adverse judgment should have a preclusive effect on the instant case. *See* 28 U.S.C. § 1738. The Court did not have an opportunity to examine the findings and judgment of the Allen Circuit Court before it issued its Original Opinion and Order, and given that the Defendants have presented this evidence in a timely manner, the Court will do so now.

In the Seventh Circuit, district courts apply state res judicata principles in cases where the earlier action was decided in a state court. *Czarniecki v. City of Chi.*, 633 F.3d 545, 548 n.3 (7th Cir. 2011). As such, Indiana res judicata principles apply to the instant case. These principles include both issue preclusion (also referred to as collateral estoppel) and claim preclusion (also

4

referred to as res judicata). *Small v. Centocor, Inc.*, 731 N.E.2d 22, 26, 28 (Ind. Ct. App. 2000); *see also Richter v. Asbestos Insulating & Roofing*, 790 N.E.2d 1000, 1005 (Ind. Ct. App. 2003) (Sullivan, J.) (concurring in the result). The instant scenario involves only claim preclusion.

Under Indiana law, claim preclusion applies when: (1) a court of competent jurisdiction renders a judgment; (2) that judgment was rendered on the merits; (3) the matter now at issue was, or could have been, determined in the prior action; and (4) the current parties to the suit, or their privies, adjudicated the former action. *Small*, 731 N.E.2d at 26. The parties to this Federal Action are the same parties involved in the State Court Action, and the Allen Circuit Court was a court of competent jurisdiction. Additionally, largely the same facts gave rise to both the State Court Action and this Federal Action. While the Plaintiffs did not present a federal constitutional claim in the State Court Action, they were free to do so. *See* Ind. Code §§ 36-7-4-1614(d)(2), 1615.

The only outstanding requirement, then, is that the Allen Circuit Court rendered judgment in the State Court Action on the merits. Under Indiana law, a dismissal with prejudice is a judgment that has been rendered on the merits. *Richter*, 790 N.E.2d at 1002–03. In the instant case, the Allen Circuit Court dismissed the Plaintiffs' State Court Action with prejudice. The Allen Circuit Court, therefore, rendered judgment on the merits in the State Court Action. Although this alters the ripeness analysis, this development also works to preclude the Plaintiffs from pursuing the same claims in this Court.

The Defendants have shown that, under Indiana law, the Plaintiffs' claims in this Federal Action are barred by claim preclusion. The Court will therefore dismiss the case with prejudice.

**CONCLUSION**

For these reasons, the Court GRANTS Defendant LST's Motion to Amend or Alter Judgment [ECF No. 35], VACATES its Earlier Opinion and Order [ECF No. 33], and DIRECTS the Clerk to enter an amended judgment dismissing the case against both Defendants WITH PREJUDICE.

SO ORDERED on January 16, 2018.

                                            s/ Theresa L. Springmann
                                          CHIEF JUDGE THERESA L. SPRINGMANN
                                          UNITED STATES DISTRICT COURT